STATE OF NORTH CAROLINA v. JESSE LEE BRAKE

No. 747SC421

(Filed 3 July 1974)

Homicide § 21— gunshot wound — death from blood clot — sufficiency of evidence

 State's evidence was sufficient to show that deceased died as a result of defendant's unlawful act where such evidence tended to

show that defendant shot and felled deceased who was shortly thereafter admitted to the hospital suffering from a single gunshot wound and that deceased later died of a blood clot caused by the original gunshot wound.

APPEAL by defendant from *Webb, Judge,* 29 October 1973 Session of Superior Court held in NASH County.

Defendant was indicted for the first degree murder of William G. Richardson.

Evidence for the State tended to show the following. About 12:00 a.m. on 11 August 1968, Viola Davis Battle, George Battle and defendant were together in an automobile operated by George Battle. Defendant requested George Battle "to take him by [defendant's] house so that [defendant] could get his gun, he said he was tired of fussing about it." "It was a single barrel shotgun, that you could break open and stick the bullet in it." After defendant got his shotgun, the trio went to a party but stayed only a few minutes. The group then proceeded towards Viola Battle's mother's house. En route they saw the deceased, William G. Richardson, coming across a field. Richardson "hollered at George and George stopped real quick." As defendant started to get out of the car, George Battle attempted to stop him, but defendant threatened "to shoot [him] too." Defendant jumped out of the car and shot Richardson. Immediately prior to the shooting, defendant had said several times that he was going "to kill the _____ on sight." Richardson died on 17 August 1968. Defendant was charged with the murder in a warrant issued 30 August 1968, but was not apprehended until 27 August 1973.

Defendant offered no evidence. He was convicted of murder in the second degree and was sentenced to imprisonment for twenty-five years.

*Attorney General Robert Morgan by Jacob L. Safron, Assistant Attorney General, for the State.*

*Moore, Diedrick & Whitaker by L. G. Diedrick for defendant appellant.*

VAUGHN, Judge.

Defendant contends that the State failed to show that deceased died as a result of defendant's unlawful act. The gist

of his argument is that the eyewitness testified defendant shot deceased with a shotgun but that the attending physician testified that deceased died of a pulmonary embolism resulting from a "bullet" wound in the abdomen. The bullet wound was described as being about one-half inch in diameter. On cross-examination, defendant elicited the fact that the doctor's notes of the patient's history recited "[t]his 23 year old colored male was brought to the emergency department at 3:45 a.m. after being shot with a pistol at 3:15 a.m. and complains of severe pains in the abdomen." The bullet or slug was apparently never removed from the body. Defendant's assignment of error must fail. The State's evidence was that defendant shot and felled Richardson who was shortly thereafter admitted to the hospital suffering from a single gunshot wound. Later he died of a blood clot caused by the original gunshot wound. Any contradictions in the State's evidence were for the jury. Presumably, the jury realized that a shotgun can be loaded with a shell or cartridge containing many small "bullets" or "missiles," or a single large "bullet" or "missile," sometimes called a slug.

The remaining assignments of error are also without merit.

Defendant's court appointed counsel has asked us to examine the record for possible errors that he has been unable to detect. We have done this and conclude that defendant has had a fair trial free from prejudicial error.

No error.

Judges PARKER and HEDRICK concur.